Ascension
Bridget Hanna
Jill Lambert
Suit# C-138,199 A
E-Filed on: 9/01/23 04:00 PM
Filed on: 9/05/23 03:49 PM
# of Pages:6

## 23RD JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION

### STATE OF LOUISIANA

NO.                                                                    DIV. " "

### JOHN AMISS

### VERSUS

### STATE FARM FIRE & CASUALTY COMPANY

FILED: _____

                                 **DEPUTY CLERK**

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, John Amiss (hereinafter "Petitioner"), and files their Petition against Defendant, State Farm Fire & Casualty Company (hereinafter "Defendant" or "State Farm"), respectfully averring as follows:

#### I. PARTIES

1.  Made Plaintiff herein is **JOHN AMISS**, who is domiciled in the Parish of Ascension, Louisiana.

2.  Made Defendant herein is **STATE FARM FIRE & CASUALTY COMPANY** ("State Farm"), an insurer domiciled in Louisiana who is authorized to do and is doing business in the State of Louisiana and the Parish of Ascension, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State.

#### II. JURISDICTION AND VENUE

3.  Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

4.  Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 42 and 23.

#### III. RELEVANT FACTS

5.  At all times relevant hereto, Petitioner owned the property located at 37236 Mindy Way Ave, Prairieville, Louisiana 70769 (the "Property").

6.  At all times relevant hereto, STATE FARM provided a policy of insurance, number 18-CA-W990-9 (the "Policy"), to Petitioner which covered the Property against perils including hurricanes.



Certified True and
Correct Copy
CertID: 2023090700007

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/7/2023 9:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).



EXHIBIT

A

7. On or around September 7, 2022, a windstorm and hailstorm caused significant damages to Petitioner's Property, including significant damage to the exterior, interior, and personal property located therein.

8. Petitioner timely reported the loss to STATE FARM, who assigned it claim number 1842T366Q (the "Claim").

9. Due to the severity of the storm and lack of utilizes in the area, Petitioner incurred additional living expenses/loss of use damages.

10. As soon as practicable, Petitioner took steps to mitigate the damages to her home at her expense to the best of her ability under the circumstances.

11. STATE FARM dispatched an adjuster to inspect the Property on behalf its STATE FARM and he documented insufficient in damages to the dwelling and to other structures, but after over-depreciating the loss and applying the Policy's deductible, STATE FARM allowed Petitioners only insufficient funds for their substantial building loss.

12. State Farm's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

13. Petitioner was unable to make meaningful repairs to her Property with the proceeds allowed by State Farm and promptly put State Farm on notice of its deficient claims handling.

14. State Farm's inspection occurred after another State Farm inspector indicated that Plaintiff's home was not damaged by Hurricane Ida. Plaintiff made repairs after Ida at his own expense.

15. However, after these repairs were completed, Mr. Amiss began to discover shingles in his yard after any windstorm beginning in September of 2022.

16. As a result of State Farm's failure to timely and adequately compensate Petitioner for her covered losses, she was forced to incur the expense of retaining counsel and other expenses to prosecute her claim.

17. As a result of State Farm's failure to timely and adequately compensate Petitioner for her substantial losses, the Property remains in a state of disrepair.

Page 2 of 6

Certified True and Correct Copy
CertID: 2023090700007

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/7/2023 9:28 AM

Attention and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

18. Upon information and belief, State Farm's failure to timely and adequately compensate Petitioner for her loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

19. Upon information and belief, State Farm purposely and/or negligently misrepresented to Petitioner the terms and conditions of the Policy.

20. Upon information and belief, State Farm conducted the investigation and claims handling for Petitioner's hail/wind storm in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

21. Upon information and belief, STATE FARM manipulated its pricing software to artificially suppress the cost of repairs below market value.

22. Upon information and belief, STATE FARM purposely or at least negligently failed to include adequate overhead and profit in its estimates of damages.

23. After the wind and hail storm occurring in 2022, Exact Building Consultants (EBC), conducted an inspection of the Property and determined that $63,240.10 of damage had occurred to the Property as a result of the storm.

24. Petitioner has incurred or will incur additional loss of use damages in repairing the Property because of STATE FARM's failure to timely compensate them for her substantial and covered losses.

25. Petitioner has incurred or will incur additional professional expenses, including attorney's fees, to determine that STATE FARM wrongfully failed to adequately/timely pay on its claims under the Policy.

### III. CAUSES OF ACTION

#### A. Breach of the Insurance Contract

26. Petitioner realleges and re-avers the allegations contained in Paragraphs 1-24, above, as if restated herein.

27. An insurance contract, the Policy, exists between Petitioner and STATE FARM.

28. The Policy provides coverages for perils including hurricanes.

Page 3 of 6

Certified True and
Correct Copy
CertID: 2023090700007

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/7/2023 9:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

29. Despite having received satisfactory proof of loss for damages caused by the hail/wind storm, STATE FARM failed to timely tender adequate insurance proceeds as required by the Policy.

30. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of STATE FARM's inspection, STATE FARM breached the Policy.

31. By purposely and/or negligently misrepresenting to Petitioner the terms and conditions of the Policy, STATE FARM breached the Policy.

32. By failing to conduct the claims handling for Petitioner's hail/wind storm in good faith and with fair dealing, STATE FARM breached the Policy.

33. By manipulating its pricing software to artificially suppress the cost of repairs below market value, STATE FARM breached the Policy.

34. By failing to include adequate overhead and profit in its estimates of damages, STATE FARM breached the Policy.

35. Petitioner has suffered and continue to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

36. Petitioner reallege and re-aver the allegations contained in Paragraphs 1-35, above, as if restated herein.

37. The actions and/or inactions of STATE FARM in failing to timely and adequately compensate Petitioners for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making STATE FARM liable for statutory bad faith penalties.

38. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

39. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is

Page 4 of 6

Certified True and
Correct Copy
CertID: 2023090700007

_____
Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/7/2023 9:29 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

40. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

41. STATE FARM is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioners adequate payment in connection with her hail/wind storm Claim, despite having received satisfactory proof of loss following its own inspections of the Property.

42. STATE FARM's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

43. STATE FARM's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

44. STATE FARM's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

45. STATE FARM's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

46. STATE FARM's handling of Petitioner's hail/wind storm Claim was in bad faith.

## IV. DAMAGES

47. Petitioner realleges and re-avers the allegations contained in Paragraphs 1-46, above, as if restated herein.

48. As a result of STATE FARM's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioner has incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c. Reimbursement for personal repairs at the Property;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Additional living expenses;

    f. Mental anguish;

    g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

Page 5 of 6



Certified True and
Correct Copy
CertID: 2023060700007

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/7/2023 8:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**JURY DEMAND**

49. Petitioner requests a trial by jury.

WHEREFORE, Petitioner, John Amiss, prays that, Defendant, State Farm Fire & Casualty Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioner, John Amiss, and against, Defendant, State Farm Fire & Casualty Company, in an amount that will fully and fairly compensate Petitioner pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

Galen M. Hair, La. Bar No. 32865
Madison C. Pitre, La Bar No. 38867
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd., W., Ste. 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351

**Please Serve:**

**State Farm Fire & Casualty Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

Page 6 of 6

Certified True and Correct Copy
CertID: 2023090700007

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/7/2023 9:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).



D2695575

# CITATION FOR PETITION

| | |
|---|---|
| **JOHN AMISS** | **23RD JUDICIAL DISTRICT COURT** |
| **VS** | **DOCKET NUMBER: C -138199 A** |
| **STATE FARM FIRE & CASUALTY COMPANY** | **ASCENSION, LOUISIANA** |

STATE FARM FIRE & CASUALTY COMPANY
THRU REGISTERED AGENT
LOUISIANA SECRETARY OF STATE
8585 ACRHIVES AVE. BATON ROUGE, LA 70809

Parish of EAST BATON ROUGE

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: PETITION FOR DAMAGES.

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 23RD JUDICIAL DISTRICT COURT located at 607 E. WORTHEY STREET, GONZALES, LA 70737 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within twenty-one (21) days after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with thirty (30) days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

This Citation was issues by the Clerk for the Court for the 23RD JUDICIAL DISTRICT COURT Judicial District Court on the 7TH DAY OF SEPTEMBER, 2023.

ASCENSION DEPUTY CLERK FOR
BRIDGET HANNA, CLERK OF COURT

REQUESTED BY: PITRE, MADISON C

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE $_____  BY:_____
MILEAGE $_____  DEPUTY SHERIFF
TOTAL  $_____

ORIGINAL – RETURN       COPY – SERVICE       COPY - CLERK

**RETURN**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
D2695575

# CITATION FOR PETITION

| | |
|---|---|
| **JOHN AMISS** | **23RD JUDICIAL DISTRICT COURT** |
| **VS** | **DOCKET NUMBER: C -138199 A** |
| | SERVED ON |
| **STATE FARM FIRE &** | **ASCENSION, LOUISIANA** R. KYLE ARDOIN |
| **CASUALTY COMPANY** | **SEP 2 6 2023** |

SECRETARY OF STATE
COMMERCIAL DIVISION
Parish of EAST BATON ROUGE

**STATE FARM FIRE & CASUALTY COMPANY**
**THRU REGISTERED AGENT**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVE. BATON ROUGE, LA 70809**

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: PETITION FOR DAMAGES.

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 23RD JUDICIAL DISTRICT COURT located at 607 E. WORTHEY STREET, GONZALES, LA 70737 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30) days** after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issues by the Clerk for the Court for the 23RD JUDICIAL DISTRICT COURT Judicial District Court on the 7TH DAY OF SEPTEMBER, 2023.

*[signature]*

ASCENSION DEPUTY CLERK FOR
BRIDGET HANNA, CLERK OF COURT

REQUESTED BY: PITRE, MADISON C

## SERVICE



D2695575

# CITATION FOR PETITION

| JOHN AMISS | 23RD JUDICIAL DISTRICT COURT |
|---|---|
| VS | DOCKET NUMBER: C -138199 A |
| STATE FARM FIRE & CASUALTY COMPANY | ASCENSION, LOUISIANA |

**STATE FARM FIRE & CASUALTY COMPANY**
**THRU REGISTERED AGENT**
**LOUISIANA SECRETARY OF STATE**
**8585 ACRHIVES AVE. BATON ROUGE, LA 70809**

Parish of EAST BATON ROUGE

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: PETITION FOR DAMAGES.

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 23RD JUDICIAL DISTRICT COURT located at 607 E. WORTHEY STREET, GONZALES, LA 70737 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

Article 1001 of the Louisiana Code of Civil Procedure states:

A. A defendant shall file his answer within twenty-one (21) days after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with thirty (30) days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.

C. The Court may grant additional time for answering.

Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

This Citation was issues by the Clerk for the Court for the 23RD JUDICIAL DISTRICT COURT Judicial District Court on the 7TH DAY OF SEPTEMBER, 2023.

ASCENSION DEPUTY CLERK FOR
BRIDGET HANNA, CLERK OF COURT

REQUESTED BY: PITRE, MADISON C

RECEIVED ON THE _____ DAY OF _____, 20____ AND ON THE _____ DAY OF _____, 20____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDING IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20__

SERVICE $_____   BY:_____
MILEAGE $_____
TOTAL   $_____   DEPUTY SHERIFF

ORIGINAL – RETURN    COPY – SERVICE    COPY - CLERK

JULIE NESBITT
DY. B. GARAFFOLA #0577
Deputy Sheriff - Parish of East Baton Rouge, LA
SEP 25 2023

**RETURN**